IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01032-PAB

MONAVIE, LLC,
CORBIN ROUSH,
HOLLY ROUSH,
KEVIN WILSON, and
EMILY WILSON,

    Petitioners,

v.

XODUS FINANCIAL, LLC d/b/a XODUS DEBT SOLUTIONS,

    Respondent.

## ORDER OF DISMISSAL

This matter is before the Court *sua sponte* on petitioners' Petition to Compel Compliance with Non-Party Subpoena ("Petition") [Docket No. 1] based upon an apparent lack of jurisdiction.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)

("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin*, 50 F.3d at 873. Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Const. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Petitioners aver that "[t]his Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the [Federal Arbitration Act ("FAA")] governs this matter." Docket No. 1 at 2, ¶ 10. Section 1331 of Title 28 of the United States Code provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The FAA, however, is not an independent source of such federal question jurisdiction. *See Comanche Indian Tribe v. 49, L.L.C.*, 391 F.3d 1129, 1131 n.4 (10th Cir. 2004) ("The FAA alone cannot confer subject matter jurisdiction on the federal courts without an independent jurisdictional basis."). Because the petitioners have cited no other jurisdictional basis other than the FAA,[1] it is

---

[1]The Court notes that the Petition's citizenship averments are inadequate to satisfy 28 U.S.C. § 1332(a). *See U.S. Advisor, LLC v. Berkshire Property Advisors,*

**ORDERED** that this case is dismissed without prejudice for lack of subject matter jurisdiction.

DATED April 20, 2011.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

*LLC*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206 (D. Colo. July 10, 2009); *see also Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).